UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


**ELONDA AND THOMAS WASHINGTON**                **CIVIL ACTION**


**VERSUS**                                      **No. 06-8129**

**METROPOLITAN PROPERTY AND**                   **SECTION: I/3**
**CASUALTY INSURANCE COMPANY**


                          <u>ORDER AND REASONS</u>

   The matter before the Court is a motion to remand, filed on behalf of plaintiffs, Elonda and Thomas Washington.  Defendant in this matter is Metropolitan Property and Casualty Insurance Company ("Metropolitan").

   This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher &*

*Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

---

[1] Notably, defendant cites to Article 893 of the Louisiana Code of Civil Procedure, which, as amended in 2004, states, "[I]f a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893(A)(1).  Since plaintiffs have not made such an allegation in their state court petition, defendant argues that it is facially apparent that the amount in controversy requirement has been met. Rec. Doc. No. 6, p. 8.  The Court disagrees.  While this Court considers plaintiffs' compliance with the state civil procedure rule, *see Miller v. American General Financial Services*, No. 02-348, 2002 WL 550989, at *2 (E.D. La. Apr. 11, 2002) (Vance, J.), a failure to comply with the state rule alone cannot confer jurisdiction on this Court.  On the facts of this case, it is not facially apparent that plaintiffs' claims exceed $75,000 and defendant has failed to prove by a preponderance of the evidence that the requisite amount for federal jurisdiction is present.  *See Bourgeois*, 2006 WL 3344736 at *2.

The Court also notes that it does not rely on plaintiffs' stipulation in making its decision in this case.  Plaintiffs' stipulation expressly reserves the right to later amend their petition to seek damages in excess of $75,000. Rec. Doc. No. 5-2, p. 1.  Plaintiffs' stipulation is, therefore, not binding on the Court because it fails to show that plaintiffs "are bound irrevocably by their state pleadings," and limited their damages to a maximum of $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 n.10 (5th Cir. 1995).

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[2] is **GRANTED** and the case is **REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, December __5th__, 2006.

                                        **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**

---

[2] Rec. Doc. No. 5.